FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 4:04 pm, Nov 02, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN M. MORRIS-EL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

CIVIL ACTION NO.: 2:18-cv-103

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, 28 U.S.C. § 1331, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Docs. 1, 1-1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the following reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the

## PLAINTIFF'S CLAIMS[2]

Plaintiff asserts two separate types of claims in this action, claims arising under the FTCA and claims under Bivens, 403 U.S. 388.  Under the FTCA, Plaintiff asserts a negligence claim against the United States of America, the United States Bureau of Prisons, and Unicor in their official capacities, and L.A. Jones, D. Bland, B. Smith, Mr. Stanley, and K. Rewis in their individual capacities due to a slip and fall Plaintiff experienced while working at the Unicor facility at the Federal Correctional Institution in, Jesup, Georgia ("FCI Jesup"), which allegedly caused him injuries to his neck, lower back, left hip, and down his left leg.  Doc. 1 at 3.  Plaintiff alleges he slipped and fell because of a puddle in the Unicor facility, which formed due to a leaky roof.  Plaintiff also asserts an FTCA claim for delayed medical care due to prison medical employees' failure to provide timely medical treatment and an x-ray, MRI, and physical therapy.  Id. at 7.

Under Bivens, Plaintiff asserts a failure to protect claim—apparently based on the risk created by the conditions that gave rise to the slip and fall—against L.A. Jones, D. Bland, B. Smith, Mr. Stanley, and K. Rewis.  Doc. 1-1 at 1.  Plaintiff also asserts deliberate indifference to serious medical needs claims related to his alleged need for an x-ray, MRI, and physical therapy

---

sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     All allegations set forth here are taken from Plaintiff's Complaint.  Docs. 1, 1-1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

against Defendants H.S.A. Loveless, Ed Marchan, Bolaji Aremu, Griffis, T. Pritchard, and J.A. Keller.  Id. at 1–3.

As relief for his various claims, Plaintiff requests $1.5 million in damages from the United States and Unicor based on his FTCA claim, $2 million in compensatory damages and $150,000 in punitive damages from Defendants Jones, Bland, Smith, Stanley, and Rewis for his Eighth Amendment failure to protect claim, and $1.25 million in compensatory damages and $150,000 in punitive damages against Defendants Loveless, Marchan, Aremu, Griffis, Pritchard, and Keller for his Eighth Amendment deliberate indifference claims.  Docs. 1, 1-1.  Additionally, Plaintiff amended his Complaint to include a claim for a preliminary and permanent injunction ordering Defendants to transfer Plaintiff to the Federal Medical Center in Butner, North Carolina, for proper medical care and specialized treatment.  Docs. 19, 20.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.    FTCA Claims**

The FTCA waives the federal government's sovereign immunity as to negligent or wrongful actions by its employees within the scope of their official duties where a "private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  However, Congress created a scheme to compensate inmates for injuries sustained in the course of their penal employment: the Inmate Accident Compensation Act ("IACA"). Cooleen v. Lamanna, No. 05-4751, 2007 WL 2687319, at *4 (3d Cir. Sept. 14, 2007).  By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.301 (regulating such claims).

Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by § 4126, as there "is no indication of any congressional purpose to make . . . 18 U.S.C. § 4126 non-exclusive." United States v. Demko, 385 U.S. 149,

152 (1966). This principle has been uniformly applied. See Pickens v. Fed. Bureau of Prisons, 113 F.3d 1246 (10th Cir. 1997) (noting the magistrate judge properly found the IAC is an exclusive remedy); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (recognizing that § 4126(c)(4) is a prisoner's exclusive remedy against the government for work-related injuries); Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (explaining that § 4126 is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary and thus bars a prisoner's FTCA claim); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir., Unit B 1980) (finding Demko made it clear that § 4126 is the sole remedy against the government where an inmate's injury is work-related and that the cause of the injury is irrelevant so long as the injury occurred while the inmate was on the job). The IACA is also the exclusive remedy for "claims alleging improper medical treatment of a work-related injury." 28 C.F.R. § 301.301(b); see also Vander v. U.S. Dep't of Justice, 268 F.3d 661, 663 (6th Cir. 2001). Therefore, inmates who suffer a work-related injury or subsequent improper medical treatment for that injury are barred from pursuing tort claims under the FTCA. 28 C.F.R. § 301.301(b) ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act."); see also Demko, 385 U.S. at 151–54 ("Prisoners are barred from bringing FTCA claims for injuries sustained while performing work at a federal penitentiary, as the IACA is their exclusive remedy.").

Plaintiff's Inmate Injury Report indicates he slipped on a wrapper and fell in the Unicor 6 working facility and that his injuries were work-related. Doc. 1-4 at 1–2. Plaintiff signed this Report, indicating his agreement that his injuries were work-related. Id. at 1. Additionally, by the Department of Justice Southeast Regional Office's response to Plaintiff's Administrative

5

Claim Number TRT-SER-2018-00909, Plaintiff was informed his claimed injuries were work-related and the IACA procedures were his sole means of recovery for his injuries. Id. at 6–7. Further, Plaintiff alleges in his Complaint he did not receive timely medical care, nor did he receive the x-ray, MRI, and physical therapy he required to treat his work-related injuries. Doc. 1 at 7. Because Plaintiff's injuries stem from a work-related accident, the IACA procedures provide his exclusive remedy. Indeed, district courts have no jurisdiction to entertain a tort claim under the FTCA when a prisoner is covered under the IACA. See Thompson v. United States, 495 F.2d 192, 193 (5th Cir. 1974) (District court lacked jurisdiction to adjudicate inmate's claim under FTCA, because IACA was exclusive means of recovery for prison-employee's work-related injuries and medical negligence and malpractice of prison medical staff's treatment of those injuries.). Accordingly, the IACA precludes Plaintiff's attempt to secure relief through the FTCA, and I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claims. Plaintiff must instead apply for relief under the IACA at the appropriate time.

## II. Eighth Amendment Claims

### A. The IACA Does Not Bar Plaintiff's Eighth Amendment Claim

In addition to compensation for his workplace injury claim against the federal government, Plaintiff asserts Eighth Amendment claims for failure to protect and deliberate indifference to serious medical needs against various Defendants. While the IACA undoubtedly bars Plaintiff's workplace compensation claim, as discussed above, several courts that have considered the issue have determined the IACA does not bar an imate's constutional claim against an individual defendant under Bivens. See Smith v. United States, 561 F.3d 1090 (10th Cir. 2009) (holding a Bivens action not barred by the IACA); accord Koprowski v. Baker, 822 F.3d 248, 252 (6th Cir. 2016); Bagola v. Kindt, 131 F.3d 632 (7th Cir. 1997); Vaccaro v. Dobre,

81 F.3d 854, 857 (9th Cir. 1996).  At this stage in the litigation—frivolivity review—it is not clear that the IACA would bar a plaintiff's Eighth Amendment claims.  Thus, the Court will review Plaintiff's Eighth Amendment claims to determine whether they should be served on any Defendants.

### B.        Failure to Protect

Under Bivens, Plaintiff asserts an Eighth Amendment failure to protect claim against Defendants L.A. Jones, D. Bland, B. Smith, Mr. Stanley, and K. Rewis.  However, even taking his allegations as true, Plaintiff fails to plausibly state a failure to protect claim based on his slip and fall on August 8, 2017.  To state a valid claim, Plaintiff would have had to allege a Defendant not only had (1) subjective knowledge of a risk of serious harm, but that he or she also (2) disregarded that risk, (3) by conduct that is more than mere negligence.  See Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).  Because claims under 42 U.S.C § 1983 and Bivens are similar, courts generally apply § 1983 law to Bivens cases.  Abella v. Rubino 63 F.3d 1063, 1065 (11th Cir. 1995).

To satisfy the objective component, the prisoner bears the burden of proving the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to [the prisoner's] future health or safety."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."  Id. (emphasis in original).  Stated differently, the condition must result in the denial "of the minimal civilized measure of life's necessities."  Id.

Plaintiff must also satisfy a subjective prong by showing the jail officials acted with deliberate indifference.  Id.  This does not require that the jail official purposefully acted to cause

7

harm, but it does involve something beyond mere negligence.  Id.; Melton, 841 F.3d at 1223.  The prison official must know of and disregard an "excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Id.  A prison condition generally does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain."  Chandler, 379 F.3d at 1289.

Here, Plaintiff's allegations fail to satisfy either the objective or subjective prong of deliberate indifference.  Even if Defendants failed to properly repair a leaky roof through which rain fell and caused a puddle to form in the Unicor work facility, the failure at most amounts to negligence.  Indeed, these conditions cannot pose an extreme or unreasonable risk of harm, as "[s]lippery floors constitute a daily risk faced by members of the public at large."  Harvey v. Plowman, No. 3:11CV437, 2012 WL 6135818, at *3 (N.D. Fla. Nov. 7, 2012), *adopted by* 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012).  Consequently, "[s]lip and fall accidents do not give rise to federal causes of action."  Wynn v. Ankoh, No. 1:04 CV 37, 2006 WL 2583370, at *2 (M.D. Ga. Sept. 6, 2006); see also White v. Kimbrough, No. 1:12-CV-3581, 2013 WL 5436715, at *1 (N.D. Ga. Sept. 27, 2013) (concluding prison conditions resulting in slip and fall were result of mere negligence and not actionable in § 1983).  Accordingly, Plaintiff does not plausibly state a deliberate indifference claim based on his slip and fall, and the Court should **DISMISS** his failure to protect claim against Defendants L.A. Jones, D. Bland, B. Smith, Mr. Stanley, and K. Rewis.

8

### C. Deliberate Indifference to Serious Medical Needs

Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims are ostensibly based on (1) a delay in treatment, and (2) denial of certain methods of treatment Plaintiff says are necessary. Doc. 1-1 at 3. Plaintiff avers after his injury Defendants Loveless, Aremu, Griffis, and Pritchard prevented him from seeing a doctor for four months. Id. Plainitff also alleges he was denied an x-ray test, an MRI, and physical therapy. Id.

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed previously, this showing requires a plaintiff to satisfy an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)). Nonetheless, inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243. Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Choosing an easier but less efficacious course of treatment can also demonstrate deliberate indifference. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

A mere difference in medical opinion between the inmate and the care provider does not constitute deliberate indifference. The United States Supreme Court has concluded that decisions such as whether an x-ray, additional diagnostic techniques, or other forms of treatment are indicated are "[c]lassic example[s] of matters for medical judgment." Estelle, 429 U.S. at 107. Thus, no constitutional violation exists where an inmate and a prison medical official merely disagree as to the proper course of medical treatment. See Harris, 941 F.2d at 1505. Plaintiff's claims arising from the denial of x-ray tests, an MRI, and physical therapy are non-actionable differences in medical opinion. Plaintiff contends his care was deficient because—although he received medical care—he should have received these additional tests and treatments, and where care was provided, it should have been provided sooner. Indeed, by Plaintiff's own allegations and supporting documents, it is clear Plaintiff received ongoing medical treatment at the prison starting immediately after the slip and fall incident—even if not the medical treatment he desired. For example, upon falling prison official's immediately brought Plaintiff to "medical." Doc. 1-4 at 1, 14, 32. Similarly, documents Plaintiff attached to his Complaint plainly show ongoing medical attention—having been seen by the prison medical staff at least two additional times in August following his fall. Id. at 34. Plaintiff's receipt of medical treatment is also indicated by physicians' notes from November 2017 and April 2018, which include details about treatment, including Plaintiff receiving medication for his back pain. Id. at 37–38, 42. Thus, while Plaintiff may have disagreed with the medical care he was receiving, he plainly received regular, ongoing care.[3] Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's deliberate indifference claims.

---

[3] Plaintiff's attempt to characterize his claims as ones for "delayed" medical care does not require a different result. A full review of Plaintiff's Complaint and attached documents demonstrates Plaintiff was not prevented from receiving care and there was no delay in care—rather, Plaintiff simply wanted certain

### D. Claim for Preliminary Injunction

Plaintiff requests the Court order Defendants, through a preliminary and permanent injunction, to transfer Plaintiff to the Federal Medical Center in Butner, North Carolina, for proper medical care and specialized treatment.  Docs. 19, 20.  Plaintiff's claim for injunctive relief rests on the premise that he is incarcerated and needs to be moved to another facility to receive care.  While Plaintiff was incarcerated at the time of requesting injunctive relieve, he has now been released.  Doc. 23.  Plaintiff's injunctive relief claims are now moot because Plaintiff is no longer incarcerated.  An inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is no longer under the control of the prison officials against whom injunctive relief is sought.  Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").  Thus, the Court should **DENY as moot** Plaintiff's claims for injunctive relief.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687,

---

forms of care (tests and treatment) immediately after his injury, but his care providers elected a different course of treatment.

11

691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a

party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA